O’Neill, J.,
concurring.
{¶ 35} I concur in the majority opinion in this case. I write separately to emphasize that this is not the end of Cleo Renfrew’s case. I agree that Dr. Rao does not satisfy the statutory definition of “competent medical authority” by virtue of the fact that he is not a medical doctor who actually treated Gerald Renfrow. I further agree that Dr. Rao’s report does not establish that Mr. Renfrew’s exposure to asbestos was the “predominate cause” of his lung cancer as required by the statute and that without exposure to asbestos, his lung cancer would not have occurred. Ackison v. Anchor Packing Co., 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, at ¶ 49.
{¶ 36} As the majority opinion observes, Mrs. Renfrew’s counsel has not done all that is possible to secure an opinion from the Veterans Affairs (“VA”) doctor *382 who treated Mr. Renfrow. Majority opinion at ¶ 31. At oral argument, Mrs. Renfrew's counsel admitted that he had not issued a subpoena to the VA doctor.
Doran & Murphy, P.L.L.C., Michael L. Torcello, Christopher M. Murphy, and Colleen M. Blinkoff; and Mary Brigid Sweeney Co., L.L.C., and Mary Brigid Sweeney, for appellee.
Burns White, L.L.C., David A. Damico, and Ira L. Podheiser, for appellant.
Vorys, Sater, Seymour & Pease, L.L.P., Richard D. Schuster, Daniel E. Shuey, and Damien C. Kitte, urging reversal for amici curiae, the Ohio Chamber of Commerce, the Ohio Council of Retail Merchants, and the Chamber of Commerce of the United States of America.
{¶ 37} Today we do not reach the question whether the medical-witness requirements of R.C. 2307.91(Z)(2) deprive Mrs. Renfrow of substantive rights pursuant to the Federal Employers’ Liability Act and the Ohio Constitution. It is clear that the statute requires her to produce an expert opinion, and it is equally clear that the VA physicians who treated her husband, in all but exceptional circumstances, are prohibited by 38 C.F.R. 14.808 from giving expert testimony. It appears in this case that without special authorization by the appropriate VA official there will be no evidence presented by the VA doctors. This question, however, is not before us today as explained earlier and will be ripe for review only when all possible means of securing an opinion from the VA doctors have been exhausted.
{¶ 38} Fortunately, R.C. 2307.93(C) specifies that a court is permitted to maintain its jurisdiction over any case that it administratively dismisses under R.C. 2307.93. Any plaintiff whose case has been administratively dismissed, as was Mrs. Renfrew's, may move to reinstate his or her case if he or she ultimately makes a prima-facie showing that meets the minimum requirements specified in R.C. 2307.92(B), (C), or (D). R.C. 2307.93(A)(3)(c). In short, we have the cart before the horse here. Asbestos claims are statute-driven. In this matter, if Mrs. Renfrow does all that she can to secure an expert opinion from her husband’s treating physician and is still unable to attain that opinion, then there will be something to review.